BREAUX, C. J.
Plaintiff, an old lady over 60 years of age, brought this suit against the defendant, proprietor of the Hammond Grocery Store, for the sum of $2,500 for an injury caused by the explosion of a can of oil. She alleged that the can contained a mixture of .insurance oil and gas, and that it was inflammable and dangerous; that at the moment of the explosion, she being near the burning can, her clothes caught fire; that she was severely burned and suffered greatly by the shock, and was in consequence of her wounds confined to her bed quite a number of weeks.
Respondent resists this demand; denies that his store ever sold a mixture of oil which was explosive and dangerous; avers *969 that if the oil he sold contained any gasoline at all it was in very small proportion of thé insurance oil. He alleged in defense that there was no such explosion as alleged by plaintiff; that it was an absolute impossibility. His contention is that the cause of the accident was due entirely to the negligence of plaintiff.
The ease in substance, as represented by plaintiff, is that she sent her young grandchild, aged eight years, to' buy a small quantity of insurance oil from the defendant, and that on the child’s return from defendant’s place of business she handed her the can, which she (the plaintiff) placed upon the shelf in the kitchen; that at or near 9 o’clock on the day following, her daughter, the aunt of the child by whom the oil was bought, filled the lamps with oil bought from the defendant and placed the can containing the oil before mentioned on the floor near by the stove.
Plaintiff’s contention further is that the oil ignited; that the daughter, greatly excited, hollering, picked up the can and ran to the door near the yard; that she (plaintiff) sought to protect her daughter at the time; the can fell from her hands as she grabbed it from her daughter, and her clothing caught fire. She says that that would not have happened, that there would have been no explosion, if it had not been that the can contained a mixture of gasoline and kerosene, which made the oil inflammable.
Plaintiff’s further contention was in answer to defendant’s position that the accident was due to plaintiff’s negligence because she or her daughter used oil instead of kindling to light the fire. On this occasion defendant avers that the daughter used oil to kindle the fire; that plaintiff knew that her daughter was in the kitchen at the time; but that on important particulars, although present as mentioned, she recounted the occurrence differently from her daughter. Defendant adds that the witnesses were separated and did not hear one another’s testimony. The daughter, who held the can, testified that there was no fire in the stove. She took the can; her mother tried to grasp it from her (in this respect the testimony of the two witnesses does not agree); that her clothing at that moment took fire.
The first witness for plaintiff was her little grandchild aged eight years. She is evidently bright and testified with clearness. The judge of the district court who heard her testimony in his reasons for judgment stated:
“The little granddaughter, who was a very intelligent witness, testified that she heard her say in describing the accident that she was pouring oil on to start the fire when the accident happened.”
She said that she had never bought gasoline at the store; that she had not seen her aunt pouring oil on the fire, but that her aunt had told her or had told her mamma, and she was with her mamma at the time; that she was pouring oil in the stove to light the fire to cook the dinner; that she went to light the fire, and a round piece of paper, used as a stopper, as we take it, ignited, and the can caught fire.
Two witnesses for the defendant, experts, testified that oil partly gasoline and partly kerosene in a room where there is no fire, only a heated stove in which the fire had been extinguished, will not explode, and substantially that, if there had been live coals in the stove and the room heated to a point sufficient to cause the temperature to rise to cause evaporation, evaporation fumes would become part of the air in a quantity to fill the room, a spark would then be sufficient to cause an explosion that would blow up and destroy the room. Witnesses further added that it would have been impossible to take up the can and throw it out at the moment of the explosion; that the explosion would *971 have been sudden and would' not have admitted the handling of the can as witnesses testified had been done.
There was testimony introduced by plaintiff in regard to the throwing away by defendant of 90 or 100 gallons of oil after the explosion.
This may be sufficient to excite some suspicion, but it is not conclusive; it is far from creating a reasonable certainty. Not the least connection was proven between the throwing away of this oil and the explosion. We cannot very well assume that defendant sold explosive oil for insurance oil because he had thrown away a number of gallons before mentioned. Our reasons, also, for not agreeing with the plaintiff upon this point, are that the testimony showed that defendant’s store did not sell a mixture of oil of any kind. Besides, the experts testified as we have stated above. The witnesses for plaintiff disagreed in their account of the cause of the explosion. Por all these reasons we do not think that we should reverse the opinion of the judge of the district court.
We have taken note of the reference of Morrison v. Lee, 16 N. D. 377, 113 N. W. 1025, 13 L. R. A. (N. S.) 652, cited by plaintiff. In that case, there was positive proof that the container had a mixture of kerosene and gasoline; the evidence showing the mixture contained eight parts of standard kerosene and one part of gasoline. It was, the opinion holds, an explosive. Plere there is no evidence that the oil was an explosive, and we have found no ground upon which we can base a conclusion of a wrong committed by defendant selling an explosive under the guise of a nonexplosive.
By reasons stated, it is ordered, adjudged, and decreed that the judgment appealed from is affirmed.