No. 2466

Second Circuit

CANNON v. WINNFIELD OIL AND GAS COMPANY

(June 2, 1926, Opinion and Decree)
(June 30, 1926, Rehearing Refused)

*(Syllabus by the Court.)*

1. Louisiana Digest—Appeal—Par. 625.

Unless clearly erroneous, the decree of the trial court on matters of fact will not be disturbed.

1 La. App. 22, Jahncke Service vs. Hewson.

2. Louisiana Digest—Explosives—Par. 3.

In order to hold a defendant for damages for an act complained of in this case, sale of explosive oil, on circumstantial evidence, the evidence must be strong enough to exclude every other reasonable hypothesis other than that defendant's act was the proximate cause of the damage.

Reed vs. Nelson, 133 La. 968, 63 South. 484.

Bishop vs. Town of Mansfield, 144 La. 109, 80 South. 217.

Appeal from the Eighth Judicial District Court of Louisiana, Parish of Winn, Hon. F. E. Jones, Judge.

Action by David E. Cannon against Winnfield Oil & Gas Company, et al. There was judgment for defendant and plaintiff appealed.

**Judgment affirmed.**

R. W. Oglesby, of Winnfield, attorney for plaintiff, appellant.

Pearce and Fuller, of Winnfield, attorneys for defendant, appellee, Winnfield Oil & Gas Company.

A. Leonard Allen, of Winnfield, attorney for defendant, appellee, J. L. Powell.

## STATEMENT OF THE CASE

REYNOLDS, J.   In this suit plaintiff sued to recover $2500.00 damages for the loss by fire of his dwelling house and contents at Winnfield, Louisiana, on March 4, 1925. The fire is alleged to have been caused by the explosion of a lamp in the house, which lamp, it is alleged contained a mixture of kerosene and gasoline that was sold to plaintiff as kerosene oil by the defendant, J. L. Powell and sold to J. L. Powell as such by defendant Winnfield Oil & Gas Company.

On motion of plaintiff a remittitur of $500.00 was entered.

Defendants moved to strike out paragraph five of the petiton and also filed pleas of vagueness and an exception of no cause of action, all of which were overruled by the court.

Defendants denied liability and alleged that no act of negligence, carelessness or fault of theirs caused the injury complained of.

On these issues the case was tried and there was judgment in favor of defendants and plaintiff appealed.

## OPINION

The exception filed in this case presents very interesting questions of law, but under the view that we have taken of the facts the exception need not be passed on.

The evidence shows that plaintiff's house and contents were destroyed by fire, but the exact cause of the fire is not established.

Plaintiff contends that it was caused by the explosion of a lamp and that the explosion was caused by the lamp being filled with a mixture of kerosene and gasoline; and that as the evidence shows that he purchased kerosene from defendant J. L. Powell and that Powell purchased it from defendant Winnfield Oil & Gas Company and that Powell had sold to other persons some of the same kerosene and some of the kerosene so sold by him to other persons was found to be highly inflammatory, this conclusively proves that the house was set afire by the explosion of the lamp and that the lamp exploded because the kerosene in it was mixed with gasoline.

We are unable to concur in this view. There are thousands of ways in which a house can catch afire, and since the time that men began to build houses, houses have burned from various causes. All over the world houses are catching afire from causes that no one can account for, and the mere fact that a dwelling has burned establishes no other fact.

Plaintiff cites, with great confidence, as sustaining his contention, the case of Waters-Pierce Oil Co. vs. Deselrm, 18 Okla. 107, 89 Pac. 212, Supreme Court reports, vol. 29, page 270. But that case is essentially different from the one at bar. In that case it was not denied that kerosene and gasoline had been mixed and that the mixture was a highly inflammatory fluid, while in the case at bar whether the oil contained in plaintiff's lamp was mixed with gasoline is one of the contested questions.

The witnesses for defendants swore positively that no mixture of kerosene and gasoline was sold by defendants to any one and a chemical analysis of a portion of the oil that is supposed to have contained gasoline corroborates defendants' witnesses on this point, and such evidence as there is to the contrary is entirely circumstantial.

We are not convinced that the finding of the trial court on this point was erroneous.

Plaintiff insists that he is entitled to recover under the doctrine of res ipsa loquitur he is entitled to recover. This doctrine is authority in this case only for holding that plaintiff's house was actually destroyed by fire. It is not authority for holding that the cause of the fire was the explosion of a lamp and that the lamp exploded because it contained a mixture of kerosene and gasoline.

We have carefully read all the evidence and are unable to find in it proof of any act of defendants or either of them connecting either of them with the burning of plaintiff's house.

In order to hold a defendant for damages for an act complained of on circumstantial evidence, the circumstantial evidence must be sufficiently strong to exclude every other reasonable hypothesis other than that defendant's act was the proximate cause of the injury.

Reed vs. Nelson, 133 La. 968, 63 South. 484.

Bishop vs. Town of Mansfield, 144 La. 109, 80 South. 217.

For these reasons the judgment of the lower court is affirmed.