## UNITED STATES CAST IRON PIPE & FOUNDRY CO. v. EASTHAM.

### (Circuit Court of Appeals, Fifth Circuit. November 14, 1916.)

#### No. 2964

1. MASTER AND SERVANT ⊚⇒104—INJURIES TO SERVANT—APPLIANCES—DUTY OF CARE.

Where all the evidence was to the effect that belt shifters were never used on cone pulleys, where the belt was shifted from a larger to a smaller cone and from a smaller to a larger one, and that it was impracticable to use such a device in shifting the belt from the smaller to the larger cone, negligence on the part of the master cannot be predicated on his failure to furnish a belt shifter for use in shifting the belt from the larger to the smaller cone, for that would require the master to make his premises absolutely safe, while he is bound only to exercise reasonable care to provide a safe place of work and safe appliances.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 176; Dec. Dig. ⊚⇒104.]

2. DAMAGES ⊚⇒208(4)—PERSONAL INJURIES—CONJECTURE.

In a personal injury action, where there was testimony that plaintiff would be disabled for some time, but there was no evidence as to what extent his disability would decrease his earning power, the jury is not entitled to conjecture on that question, and it should not be submitted.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 533, 534; Dec. Dig. ⊚⇒208(4).]

3. APPEAL AND ERROR ⊚⇒1062(3)—REVIEW—HARMLESS ERROR.

In a servant's action for personal injuries, where the evidence showed that a device which the servant claimed the master should have installed was not in use, and failed to show in what amount the servant's earning capacity would be decreased by his disability, the refusal of instructions taking from the jury the question of the master's negligence in failing to install the device, and taking from them the question of the servant's loss by reason of decreased earning capacity, was prejudicial error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4214; Dec. Dig. ⊚⇒1062(3).]

In Error to the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

Action by Fred C. Eastham against the United States Cast Iron Pipe & Foundry Company. There was a judgment for plaintiff, and defendant brings error. Reversed and remanded.

W. P. Acker, of Anniston, Ala., J. T. Stokely, of Birmingham, Ala., and Chas. B. Atkins, of Atlanta, Ga., for plaintiff in error.

Robt. N. Bell, of Birmingham, Ala., for defendant in error.

Before PARDEE and WALKER, Circuit Judges, and CALL, District Judge.

CALL, District Judge. Fred C. Eastham brought suit against the United States Cast Iron Pipe & Foundry Company to recover for personal injuries suffered by him in defendant's manufacturing plant in the city of Bessemer, Ala. The case was tried upon two counts in the plaintiff's declaration, A and D.

Count A alleges plaintiff's employment, and that while engaged in the discharge of his duties his arm was caught in or by a belt which was running over a pulley, and he was thereby injured, and that said injuries were proximately caused by reason of a defect in the condition of the ways, works, machinery, or plant, in that said belt was defective and dangerous. Count D alleged that said injuries were caused by the negligence of a person to whom superintendence had been intrusted, to wit, Ike Jones.

To these counts the defendant interposed sundry defenses, the first "not guilty" and the others contributory negligence of the plaintiff in various ways.

[1] The evidence shows without contradiction that the plaintiff, while shifting a belt on a cone pulley on the shafting from the larger cone to a smaller, was injured; that mechanical shifters, whereby one can stand on the floor and shift a belt, are never used to shift a belt on a cone pulley; that it is impossible to use such a shifter on a cone pulley to shift the belt from a smaller to a larger cone, but might be used to shift the belt from the larger to the smaller cone; that mechanical shifters were used to shift belts from a loose pulley to a fast one, or vice versa, and if such a shifter had been installed it would have been perfectly safe to shift the belt from the larger to the smaller pulley on a cone pulley; that none of the witnesses had ever heard of a mechanical shifter being used on a cone pulley. The court in its general charge to the jury said:

"Now the other respect in which Jones is charged with negligence by the plaintiff is that he permitted the work to be conducted in the absence of a belt shifter; that is, as I understand it, an appliance by which the plaintiff could have shifted the belt from the ground, instead of standing on the platform or brace and doing the work in close contact with the belt."

And, after giving the law governing the duty of the master to the employé, the court continued:

"If you are satisfied that a reasonably prudent employer should have used a belt shifter, and would have adopted the use of a belt shifter, then this defendant would have been negligent in failing to do so."

The defendant requested in writing the following charge, which was refused, and exception seasonably noted to such refusal:

"If you believe the evidence in this case, you cannot predicate any negligence against the defendant's superintendent, Jones, on account of the absence of a belt shifter to shift the belt which the plaintiff was shifting at the time of his injury."

This charge should have been given. The trial court under its charge submitted to the jury to find whether it was negligence on the part of the employer not to have the belt shifter, when all the evidence

was to the effect that no one had ever known or heard of such an appliance being installed on a cone pulley, where the belt was shifted from a larger to a smaller cone and from a smaller to a larger cone, and that it was impracticable to use such a device in shifting the belt from the smaller to the larger cone.  To predicate negligence on the absence of such shifter is to require the employer to make his premises absolutely safe, thus to change the employer's liability from "the use of reasonable care to provide a safe place for the employé to work" to that of an insurer of his safety.  The law governing the liability of the master to provide a reasonably safe place to work was clearly and correctly communicated by the court in its charge.  Westinghouse Co. v. Heimlich, 127 Fed. 92, 62 C. C. A. 92; Shandrew v. Railway Co., 142 Fed. 320, 73 C. C. A. 430; H. D. Williams Cooperage Co. v. Headrick, 159 Fed. 680, 86 C. C. A. 548; Randall v. Balt. & Ohio R. R. Co., 109 U. S. 478, 3 Sup. Ct. 322, 27 L. Ed. 1003; Southern Pacific Co. v. Seley, 152 U. S. 145, 14 Sup. Ct. 530, 38 L. Ed. 391.

[2] The defendant requested in writing the following charge, which was refused, and exception seasonably noted:

"The court charges the jury that, if you believe the evidence in this case, in the event you find for the plaintiff, you cannot award him more than nominal damages for decreased earning capacity on account of his alleged injuries."

The court in its general charge covered fully the elements of damage the plaintiff was entitled to recover for his injuries, but did not instruct them that he was entitled to recover for a decreased earning capacity due to the injury.  At the conclusion of the court's general charge the plaintiff requested the following charge, which was given, to wit:

"I charge you that if you believe from all the evidence that the defendant is shown to be liable to plaintiff on any count in the complaint, you should find a verdict for plaintiff and assess damages sufficient to compensate plaintiff for suffering and injury and loss of wages and all such damages claimed as you find from the evidence plaintiff has suffered from the injury."

Each of the counts alleged that the injuries had permanently rendered the plaintiff less able to work and earn money.  The evidence of plaintiff's witness Dr. Waldorf was to the effect that 12 months from the time of the trial would elapse before the plaintiff would recover the full use of his arm.  The testimony further showed by an exhibition to the jury by plaintiff that he had only a partial use of the arm.  Necessarily, under this testimony, the plaintiff would be unable to earn full wages on account of his disability for 12 months after the trial, if the jury believed the evidence.  There was no evidence tending to show to what extent this disability would decrease the earning capacity of the plaintiff.

The court in its general charge had fully covered the element of damages for loss of wages up to the time of the trial, and the only effect of giving the charge requested was to call the attention of the jury particularly to the damages claimed by plaintiff which the evidence showed he had suffered by reason of the injury.  In this condition, unless the jury's attention had been called to the fact that it could not assess substantial damages for the decreased earning capacity shown

by Dr. Waldorf's testimony, it might well be, and probably is a fact, that the jury took this into consideration in arriving at the amount of the verdict. The decisions of the Alabama Supreme Court are uniform that only nominal damages can be recovered for decreased earning capacity in cases where the testimony does not furnish a basis for substantial damages. The jury is not allowed to invade the realm of supposition, to arrive at the compensation to be awarded the plaintiff for this element of damages.

The defendant was entitled to have the jury instructed on this point; its request for such instruction was refused, and error thereby committed.

[3] We do not feel that we can say the errors above pointed out were without injury to the defendant.

The judgment appealed from is therefore reversed, and the case remanded for a new trial.