GOODE *v.* PIERCE OIL CORPORATION.

Opinion delivered October 11, 1926.

1. EXPLOSIVES—JURY QUESTION.—Whether, under the evidence, defendant was guilty of negligence in selling a mixture of gasoline and kerosene for the latter *held* for the jury.

2. EVIDENCE—JUDICIAL KNOWLEDGE.—It is matter of common knowledge that refined kerosene is used to furnish light, and as fuel for oil stoves, and in lighting fires.

3. EXPLOSIVES—CONTRIBUTORY NEGLIGENCE.—Where plaintiff held a kerosene can about one and a half inches from the top of a stove containing fire and poured a liquid supposed to be kerosene but which contained gasoline also, and an explosion followed, injuring her, *held*, in an action for negligence in selling the mixture, that plaintiff was guilty of contributory negligence, as matter of law.

Appeal from Mississippi Circuit Court, Osceola District; *W. W. Bandy,* Judge; affirmed.

STATEMENT OF FACTS.

Rachael Goode instituted this action against the Pierce Oil Corporation and another to recover damages for injuries received by her, alleged to have been caused by the negligence of the defendants. It was claimed that the Pierce Oil Corporation negligently sold to H. B. Smith, a retail grocer, a mixture of kerosene and gasoline for refined coal oil.

According to the evidence of the plaintiff, she was injured on January 19, 1924. She had some green wood in her stove, and it was burning a little bit. She thought she would increase the flame by pouring coal oil on it. She had a large can, which would contain five or ten gallons of oil, and which had about a gallon and a half of oil in it. There was a small blaze in the wood, and she wanted to increase it. She held the can about an inch and a half from the top of the stove and began to pour the oil on the blaze. When she had poured out about a tablespoonful of oil, there was an explosion, and the flame ran out from the top of the can and burned her hand. It seemed to be an explosion. At any rate, the

oil in the can caught on fire, ran out of the spout, and burned her hand.

She had purchased the oil from H. B. Smith for kerosene, and he, in turn, had purchased it from the Pierce Oil Corporation for kerosene. Some of the oil remained in the can after the explosion. It was examined by a chemist, and found to be a mixture of gasoline and kerosene. The United States specifications for kerosene provided that it must not flash at less than 140 degrees Fahrenheit. The oil in question flashed at 60 degrees F.

The circuit court directed a verdict in favor of the defendants, on the ground that the plaintiff was guilty of contributory negligence. From a judgment rendered in favor of the defendants, the plaintiff has duly prosecuted an appeal to this court.

*J. T. Coston,* for appellant.

*Malcolm W. Gannaway* and *A. Carlyle Gannaway,* for appellee.

HART, J., (after stating the facts). Plaintiff's cause of action is based upon the negligence of the defendants in selling to her what she had a right to assume was standard kerosene, when the oil purchased was a mixture of kerosene and gasoline.

The evidence was sufficient to allow the question of negligence of the defendants to be submitted to the jury. It tended to show that the oil, which was purchased by the plaintiff for kerosene, was a mixture of kerosene and gasoline, which flashed at 60 degrees Fahrenheit. According to the United States specifications, kerosene should not flash at a point lower than 140 degrees F.

It is a matter of common knowledge that refined kerosene is used to furnish light and as fuel for oil stoves. It is also commonly used in kindling fires. Hence, in the absence of contributory negligence by the plaintiff, the evidence for the plaintiff was sufficient to allow a recovery by her. 11 R. C. L. 671 and 672, and cases cited, and 25 C. J. 202, and cases cited.

We are of the opinion, however, that, under the plaintiff's own testimony, we are compelled to say, as

a matter of law, she was guilty of contributory negligence. It is true that she purchased the oil in question for standard kerosene, but she poured the oil in the stove, knowing that there was a small flame in the fire burning there. She held the can only about one and a half inches from the top of the stove, and knew that there was between a gallon and a gallon and a half of oil in it.

While the evidence for the plaintiff tends to show that standard kerosene is not exploded by being poured onto a flame, still the undisputed evidence shows that it would explode if poured upon live coals. The plaintiff testified that there was only a small flame to the wood in the stove, and she might have expected that, in pouring the oil on it, she would extinguish the flame and thereby cause the kerosene to explode. It will be remembered that she only held the can about one and a half inches from the top of the stove.

The decided cases and the authorities above cited hold that it is not negligence, as a matter of law, to use kerosene in kindling a new fire. The reason is that, in such a case, there is no possibility of causing an explosion by pouring kerosene on the wood. The wood is not ignited until after the person has ceased to pour the kerosene on it. A flame is then applied to the wood, and by no sort of means could this have caused an explosion of the oil in the can.

The case is quite different when the oil is being poured from the can onto live coals or even a small flame. As we have already seen, the pouring of the kerosene onto the small flame might extinguish it and thereby cause the coal-oil which came in contact with the burning wood to explode. In such a case, the better reasoning is to hold that the party using the kerosene is guilty of such contributory negligence as to bar him from recovery. *Morrison* v. *Lee* (N. D.), 113 N. W. 1025; *Du Bois* v. *Luthmer* (Iowa), 126 N. W. 147; *Riggs* v. *Standard Oil Co.*, 130 Fed. 199; and *McLawson* v. *Paragon Refining*

*Co.,* 198 Mich. 222, 164 N. W. 668. Other authorities bearing on the question will be found in the volumes of Ruling Case Law and Corpus Juris' referred to above.

It follows that the trial court was right in directing a verdict for the defendants, and the judgment will therefore be affirmed.