## Crouch v. Noland.

(Decided March 10, 1931.)

576

CLARENCE MILLER, BEN H. SCOTT and J. W. WALKER for appellant.

STEPHEN H. RICE for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

At the time of the accident which formed the basis of this suit for damages and a judgment for $1,500, the appellee, Stella Noland, had been employed for about 10 months by her uncle, the appellant, as a domestic servant in his home. It had been her practice to start the fire in the kitchen stove with kerosene. One day about two weeks before the accident, she observed her uncle starting a fire with crude petroleum under a kettle in the yard, and remarked that she "didn't know that stuff was good to make a fire." It seems that she then began using crude oil instead of kerosene in making her fires, which she says was at the suggestion or direction of appellant's wife. During this time the appellant, in passing through the kitchen, saw her pouring the oil out of an open can, and suggested that if she would put it in the coal oil can she wouldn't spill it on the floor. She testified that she did not know there was any gas in the crude oil and knew nothing about its inflammable and explosive nature, although she realized from its use that it burned readily. Her testimony as to the immediate occurrence is as follows:

> "I put the wood in the stove, and the wood was kindly green wood, wasn't very dry, and I picked up the coal oil can that had the crude oil in it and put it on the wood and put a match to it, and went on the back porch to get a bucket of water, and when I came back and put the water away, I looked to see if the fire was burning, and it had gone out; I didn't see any fire at all, and I picked up the can to pour some more crude oil on it and it exploded then."

On cross-examination she said: "I looked in and didn't see any fire; might have been a piece in the stove; I think it was mostly the heat that caused the can to explode." She had sometimes poured kerosene in the stove the second time when a fire had not started, and knew it would cause the "flame to burst out."

The defendant was a superintendent of oil drilling operations and had a drum of this low-grade crude oil out in the orchard for use about the premises. A week or ten days before the accident, while reading a newspaper, he remarked to his wife and the plaintiff upon the frequent occurrence of fires due to the use of coal oil in starting fires, and suggested: "A person ought to be very careful about pouring oil on a fire; it is dangerous and there is always someone getting burned." Plaintiff says that this was after she had been burned. The defendant paid all her physician and hospital bills.

The case was submitted to the jury on the law declaring it to be the duty of a master to use ordinary care to provide his servant with reasonably safe materials for use in his work; and the jury was instructed that if the defendant had negligently provided the plaintiff with crude oil for kindling fires, which was dangerous and combustible and not reasonably safe for use in such work, and that fact was known to him or could have been known to him by the exercise of ordinary care, and its explosion burned and injured the plaintiff, that the jury should find for her the damages she sustained thereby, unless at the time she knew of the dangerous and combustible nature of the crude oil and that it was not reasonably safe for use, if such was its condition.

As an abstract statement of the law relating to the duty of the master with respect to using care to furnish his servant with safe materials, little fault is to be found with the instruction. But there is an additional or qualifying rule, and that is that a master is not required to warn a servant of ordinary intelligence, knowledge, or experience of dangers so obvious or well-known that he is presumed to know of their existence. L. & N. R. R. Co. v. White, 221 Ky. 1, 297 S. W. 808; 11 R. C. L. 698.

The appellee was at the time nearly 21 years of age, had an eighth grade education, and resided in an oil-producing community, with her uncle, in whose home she lived, and who was engaged in that line of employment.

She was not an immature or ignorant child, but judging her by the record, possessed at least average mental faculties. She is presumed to have the common sense of an adult, and is to be held to the same degree of care. L. & N. R. R. Co. v. Hutton, 220 Ky. 277, 295 S. W. 175, 53 A. L. R. 1328. The inflammable and combustible nature of crude oil is of that character of scientific fact that the courts consider to be one of common knowledge. Port Terminal Railroad Company v. Brimer (Tex. Civ. App.) 19 S. W. (2d) 111.

If she was ignorant of the fact that crude oil possessed the dangerous properties of kerosene, as claimed, there is nothing to show that her ignorance was brought to the attention of her uncle and employer. Although having knowledge of her use of the oil in starting fires, he had no reason to assume that she would use it in the hazardous way she did, and was not required as a matter of law to warn her against that hazard. L. & N. R. R. Co. v. White, supra. It is not sufficient to prove an injury by an accident. Some act of negligence on the part of the master which was the proximate cause of the accident must be shown. Staley v. Wehmeier, 187 Ky. 445, 219 S. W. 408.

The appellee voluntarily selected an unsafe way in which to do her work on this occasion, and that act was the proximate cause of her injury. She is therefore precluded from recovering damages from her employer. Louisville Water Company v. Darnell, 189 Ky. 771, 225 S. W. 1057; Kentucky Distilleries & Warehouse Company v. Johnson, 193 Ky. 669, 237 S. W. 3. It is the general rule that where one exposes himself to a danger so obvious that a person of ordinary prudence, under the circumstances and with like knowledge, would not have subjected himself to it, he is guilty of contributory negligence which will preclude a recovery of damages. Louisville Gas & Electric Company v. Beaucond, 188 Ky. 725, 224 S. W. 179. It is generally held that the simple act of using kerosene for the starting of a new fire is not contributory negligence per se. But it is held to be negligence per se to pour kerosene upon the fire for the purpose of replenishing it. 25 C. J. 202; 11 R. C. L. 672; Thornton Oil & Gas, sec. 776; McLawson v. Paragon Refining Company, 198 Mich. 122, 164 N. W. 668; Farrell v. G. O. Miller Co., 147 Minn. 52, 179 N. W. 566. See also

Kentucky Independent Oil Company v. Schnitzler, 208 Ky. 507, 271 S. W. 570, 39 A. L. R. 979.

Under the facts of the case, the court should have given a peremptory instruction to find for the defendant.

Judgment reversed.