SOUTHWESTERN GAS & ELECTRIC COMPANY *v*. MURDOCK.

Opinion delivered April 6, 1931.

*Evans & Evans* and *Arnold & Arnold,* for appellant.

*Roy Dunn* and *John P. Roberts,* for appellee.

MEHAFFY, J. The appellee brought suit in the Logan Circuit Court alleging that on November 10, 1929, while he was in the exercise of due care and was working upon an automobile belonging to Dr. A. R. Hedrick in appellee's garage in Booneville, Arkansas, he received an electric shock, throwing him against the automobile, burning his body, injuring his back and spine, and otherwise injuring him. The negligence alleged is that the appellant neglected and refused to construct the transformers, distributors, and wiring of its electric system so that the wires coming into appellee's garage, instead of carrying 110 voltage, carried more than 350.

Appellant answered, denying all the material allegations in the complaint, and pleaded contributory negligence. There was a verdict and judgment in favor of appellee for $2,000. The case is here on appeal.

Appellant contends first, that the court erred in giving instruction No. 5, because it did not take into consideration the defense of contributory negligence. After a careful examination of the record, we have reached the conclusion that there is no evidence tending to show that appellee was guilty of contributory negligence, and there was therefore no error in giving the above instruction.

It is next contended by the appellant that Murdock was not entitled to recover on account of his own negligence. Contributory negligence, if shown by the evidence, would be a complete bar to appellee's right to recover. Appellant cites numerous cases to support its contention that appellee cannot recover if he was guilty of any negligence. It is unnecessary to discuss these authorities, but sufficient to say that this court has many times held in actions of this character that, if the injured party was guilty of negligence which in any way contributed to his injury, so that but for his contributory negligence the injury would not have happened, he cannot recover.

The only evidence in the record which appellant claims tends to show contributory negligence is the evidence of three witnesses, Roy Cannon, John Adney, and the appellee. There is no evidence in the record tending to show that either Cannon or Adney ever said anything to appellee about the conditions they testified about or that he knew anything about them. Plaintiff's own evidence shows, and this is undisputed, that he had received shocks many times in using the wire when it contained 110 volts. There is nothing in the testimony to show that he either knew of or appreciated any danger. He knew that if there were 110 volts it would sometimes shock one, but also knew that it was not dangerous.

It was the duty of the appellant to furnish proper and safe appliances, and the appellee had a right to assume that appellant had done this, and he was not guilty of negligence contributing to his injury unless he knew, or by the exercise of ordinary care could have known, that the appellant had not performed its duty, and the evidence does not show that he knew this. There is no evidence in the record tending to show that he knew of or appreciated the danger. He testified that he talked to the parties after this injury, but there is no evidence that he received any shock prior to the one he complains of in this suit that would indicate there was any danger.

Appellant argues, however, that the lights would burn out and the machinery run faster. Witness testified that about four lights burned out in twenty-four hours, but it was entirely reasonable for him to think this was caused by defective globes or some cause other than a greater voltage than should have been used.

If the appellee did what a man of ordinary prudence would have done under the circumstances, he was not guilty of negligence. Extraordinary care is not required nor is the utmost possible caution. The duty imposed on appellee was to exercise ordinary care, but there was no duty to possess knowledge or skill so as to know there was danger because the lights burned out or because the

machinery ran faster. Even if the injured party's act contributed to the injury, this would not bar recovery unless his act was negligent. It is not the contributory act that bars recovery, but contributory negligence. 45 C. J. 945; *Indiana Union Tract Co.* v. *Long,* 176 Ind. 532, 96 N. E. 604.

The rule is that to determine the question whether an injured person was guilty of negligence is whether he exercised such care as a reasonably prudent person would exercise under the circumstances. He is not required to have any expert knowledge, and the appellee in this case did not have expert knowledge, and whether his acts are negligent or not cannot be determined by ascertaining what one with expert or scientific knowledge would do under the circumstances. *Morrison* v. *Lee,* 16 N. D. 377, 113 N. W. 1025, 13 L. R. A. (N. S.) 650.

It has been said: "The prudent man is not the man who never forgets, who is never guilty of inattention, who never fails to think of any possible danger—that is the perfect the infallible man." *Britch* v. *Sheldon,* 94 Vt. 235, 110 Atl. 7.

In determining whether an injured party was guilty of contributory negligence we simply inquire whether a person of ordinary prudence, without expert knowledge, would have acted as the injured party did. 20 C. J. 372; *Mo. & No. Ark. R. R. Co.* v. *Clayton,* 97 Ark. 347, 133 S. W. 1124.

Appellant next contends that the verdict was excessive. After a careful consideration of the evidence we are of the opinion that the verdict was not excessive.

It is next contended by appellant that there is no evidence of negligence on its part. The evidence not only shows, but it is a matter of common knowledge, that a wire carrying 110 volts is not sufficient to shock and injure one as appellee in this case was injured. There is no dispute about the fact that the wire should have carried only 110 volts, and that that would not have caused the injury complained of.

It appears from the evidence that the appellant had been doing some construction work, and that in doing this the wires were in some way charged with a greater voltage than was proper. It was the duty of the appellant to protect appellee from injury while constructing its wires, and, if there were any danger, to warn him.

The judgment is affirmed.

Mr. Justice SMITH dissents.