## SINCLAIR REFINING CO. v. TOMPKINS.
### No. 9681.

Circuit Court of Appeals, Fifth Circuit.

Feb. 13, 1941.

F. Y. Dabney, of Vicksburg, Miss., for appellant.

R. M. Kelly and J. H. Culkin, both of Vicksburg, Miss., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

Mary B. Tompkins was severely burned by pouring into her cookstove that which she had bought for kerosene, but which she contends was in part or in whole gasoline. She sued Sinclair Refining Company, whose agent had sold it to her, and recovered a verdict of $7,500. Sinclair Refining Company appeals from the resulting judgment.

A motion for new trial included the ground that the verdict was excessive. The trial judge declared the verdict larger than he would have rendered, and was perplexed about it, but found no sufficient cause to set it aside. The size of the verdict is his responsibility and not ours, but it justifies our careful scrutiny of the errors specified which may have produced it.

One error relied on is the refusal of requests to charge the jury that as a matter of law the plaintiff was chargeable with negligence which contributed to her injury, and under the law of Mississippi her damages are to be diminished in proportion thereto. The charge as given left it to the jury to decide whether she was negligent. This we think was error. The declaration alleged that she had bought the liquid for kerosene and had kindling and wood in her stove to make a fire, and "that when she threw said liquid on the kindling and wood as aforesaid, in which or under which a small blaze had been started, a terrific explosion occurred." The answer for want of sufficient information neither admitted nor denied this. The plaintiff testified she put paper in the stove, then kindling, and then wood, and lit the paper which burned a few seconds before

it went out, when she got a pint of the liquid and threw about half of it in, and an explosion at once followed. She said she knew the fire went out because "I was looking at it and did not see any fire there. There were no hot coals. I lighted the paper, it was not all consumed." She also said on cross-examination that the allegations of her petition were true, and specifically the one about there being a small blaze. She was shown to have stated to several persons that she was in a hurry and had put the kerosene on because the fire was not burning well. Necessarily there was a blaze present if there were no hot coals, else there could not have been an explosion. The petition so alleged, and she did not amend it, but confirmed it when questioned about it. Pleadings are for the purpose of accurately stating the pleader's version of the case, and they bind unless withdrawn or altered by amendment. Pullman Co. v. Bullard, 5 Cir., 44 F.2d 347; 49 C.J., Pleadings, § 121. There was no evidence except the plaintiff's on this point. There was no departure from the issues of the pleadings such as is dealt with in Rule of Civil Procedure 15(b), 28 U.S.C.A. following section 723c. She reaffirmed the truth of her pleading. The jury were not at liberty to find anything else. The cases are many that hold that to put kerosene, or what is believed to be kerosene but is not, on flame or coals is so commonly known to be dangerous as to constitute negligence as a matter of law; though it is otherwise if the kerosene be put on the fuel first and then a light applied. Parton v. Phillips Petroleum Co., 231 Mo.App. 585, 107 S.W. 2d 167; Morrison v. Lee, 16 N.D. 377, 113 N.W. 1025, 13 L.R.A.,N.S., 650; Goode v. Pierce Oil Corp., 171 Ark. 863, 286 S.W. 1009; Crouch v. Noland, 238 Ky. 575, 38 S.W.2d 471; McLawson v. Paragon Ref. Co., 198 Mich. 222, 164 N.W. 668; Riggs v. Standard Oil Co., C.C., 130 F. 199; 3 Thornton Oil & Gas, § 1185. As the pleadings and evidence stood, the jury ought to have been instructed on request that the plaintiff was contributorily negligent.

 Again, timely exception was taken to the charge to the jury that if they found the defendant liable to the plaintiff, "in estimating her damages you may take into consideration * * * any loss of time she may have suffered as a proximate result of her injury as may be shown by the evidence", the objection being that there was no evidence of its value. It was proven that the plaintiff was unable to leave the house for some five months to look after her dairy and farm as she had done, and at the time of trial was only keeping the books. But it appeared that her business did not stop, but went right on. She did not say she suffered any monetary loss, or that her lost time was worth anything. There was no evidence on which the jury could estimate her pecuniary loss, if any. In this connection loss of time means loss of earnings. Slaughter v. Metropolitan St. Ry. Co., 116 Mo. 269, 23 S.W. 760; Stoetzle v. Swearingen, 96 Mo.App. 592, 70 S.W. 911. Such loss is an element of damages, but for compensatory damages to be recovered they must be sued for and proved. Slaughter v. Metropolitan St. Ry. Co., supra; Stoetzle v. Swearingen, supra; 15 Am.Jur., Damages, §§ 90, 96, 358. Compare Blake v. Robertson, 94 U.S. 728, 24 L.Ed. 245; Philp v. Nock, 17 Wall. 460, 21 L.Ed. 679; Cincinnati Co. v. Western Siemens-Lundgren Co., 152 U.S. 200, 14 S.Ct. 523, 38 L. Ed. 411. Cases may be found in which it was held a jury may draw on their common knowledge to value the time of a common laborer, and the like; but this cannot be extended to the case of one whose time was lost from a business; and in such a case to submit this element of damages to the jury without any evidence of what the monetary loss was, if any, is reversible error. International & G. R. Co. v. Simcock, 81 Tex. 503, 17 S.W. 47; Staal v. Grand St. & N. R. Co., 107 N.Y. 625, 13 N.E. 624; Pennsylvania Co. v. Scofield, 6 Cir., 121 F. 814. See also United States Cast Iron Pipe Co. v. Eastham, 5 Cir., 237 F. 185; Moser v. Hand, 5 Cir., 81 F.2d 522. To be distinguished are cases of permanent injury to a child or other person who has no present employment, and cases of permanent injury causing future losses, where the losses are incapable of exact proof and must be a matter of opinion. We are here dealing with the case of a limited period in the past, as to which the plaintiff could have given evidence of her losses if there were any. She did not even sue for these as an element of her damages. She claimed compensation for pain and suffering and expense of medical treatment, but averred no loss of earnings. When there is neither pleading nor proof of loss of earnings, it is error to submit to the jury such an element of damages. Western & Atlantic R. R. Co. v. Patillo, 99 Ga. 97, 24 S.E. 958;

Slaughter v. Metropolitan St. Ry., 116 Mo. 269, 23 S.W. 760.

The refusal to instruct a verdict for defendant was not error. Except as above discussed, the issues were for the jury.

The judgment is reversed and the cause remanded for further consistent proceedings.