International & Great Northern Railway Company v.
W. R. Simcock.

No. 6911.

1. **Charge — Construction.** — In the charge to the jury was the following paragraph: "The plaintiff sues defendant company for alleged injuries inflicted upon him by the derailment of a train on which he was traveling as a passenger, occasioned by the negligence of defendant." This will be construed so that the word *alleged* qualifies the latter part of the sentence as well as that immediately following it.

2. **Charge Must Apply to the Testimony.** — The record did not show the loss of time caused, nor its value. In such case it was error to submit *loss of time* as one of the elements of damages to be considered by the jury.

Appeal from Hays. Tried below before Hon. H. Teichmueller.
The opinion states the case.

*W. O. Hutchison* and *Thomas H. Franklin*, for appellant.—1. The court erred in the following paragraph of its charge to the jury: "The plaintiff W. R. Simcock sues defendant company for alleged injuries inflicted upon him by the derailment of a train on which he was traveling as a passenger, occasioned by the negligence of defendant." Said charge is upon the weight of evidence, in that it assumes as a fact that plaintiff's injuries were caused by the negligence of defendant. Railway v. Christman, 65 Texas, 374; Andrews v. Marshall, 26 Texas, 212; Ormond v. Hayes, 60 Texas, 180.

2. The court erred in charging the jury that in estimating the damages sustained by plaintiff they should consider his loss of time up to the filing of the suit as an element of such damages, in this: plaintiff does not sue for any damages caused by loss of time, and the evidence does not show any damages occasioned by loss of time, or that any time was lost by him. Stewart v. Gordon, 65 Texas, 344.

*Ed. R. Kone* and *O. T. Brown*, for appellee, cited Barkley v. Tarrant Co., 53 Texas, 251; Railway v. Woodall, 2 Ct. App. C. C., sec. 472; Railway v. Hogsett, 67 Texas, 685; Able v. Lee, 6 Texas, 427; Railway v. Curry, 64 Texas, 85; Railway v. Smith, 74 Texas, 276; Stokes v. Saltonstall, 13 Pet., 181; Christie v. Griggs, 2 Camp., 791.

TARLTON, Judge, *Section B.*—W. R. Simcock brought this suit in the District Court of Hays County to recover of the International & Great Northern Railway Company $25,000 damages for personal injuries received by him in a wreck of one of defendant's passenger trains on which plaintiff was a passenger. Plaintiff alleged that the coach which he occupied was derailed, overturned, and that he was hurt thereby, and that said derailment was caused by the railway track being in bad

condition and out of repair. Defendant answered by special exception, general denial, and plea of not guilty.

The case was tried by a jury, who returned a verdict for the plaintiff in the sum of $2750. From the judgment entered on this verdict this appeal is prosecuted.

The appellant alleges that the court erred in the following paragraph of its charge to the jury: "The plaintiff W. R. Simcock sues defendant company for alleged injuries inflicted upon him by the derailment of a train on which he was traveling as a passenger, occasioned by the negligence of defendant;" that this "charge is upon the weight of evidence, in that it assumes as a fact that plaintiff's injuries were caused by the negligence of defendant." We do not think that the instruction merits the criticism to which appellant subjects it. It is evident that the expression "occasioned by the negligence of defendant" is to be read with reference to the preceding expression, "alleged injuries inflicted upon him." A paraphrase which we would consider entirely natural and reasonable would cause the instruction to read thus: "The plaintiff W. R. Simcock sues defendant company for injuries alleged to have been inflicted upon him by the derailment of a train on which he was traveling as a passenger, and alleged to have been occasioned by the negligence of defendant." The charge was not upon the weight of evidence, and could not have misled the jury.

Appellant in another assignment of error complains of the following instructions: "If you should find for the plaintiff you will assess such damages as the evidence shows he has actually sustained as the result of the injuries he received. In estimating such damages you will consider his loss of time up to the time of the filing of the suit, such physical and mental suffering as he may have endured in consequence and as a result of the injuries received, and permanent diminution of his capacity to work and earn money, if you find from the evidence such to be the effect of the injuries inflicted."

It is urged among other grounds that this charge is erroneous, because "the evidence does not show any damages occasioned by loss of time." We have scrutinized the record, and while we find evidence showing loss of time in a vague and an indefinite manner, we fail to detect any evidence whatever of the value of the time lost or of any amount whatever of damages incident thereto. In the absence of such evidence we are constrained to hold that the court erred in instructing the jury to consider, in estimating the damages, the time lost by appellee up to the filing of the suit. The rule is that even where the law implies damages such as necessarily result from a wrongful act complained of, proof is required to show the extent and amount of damages. Railway v. Curry, 64 Texas, 87. The proposition is too well established to require elaboration that the charge of the court must comport with the evidence and be supported by it. In all of its

remaining features the instruction complained of was required by the evidence, but in the respect referred to it is without basis in the testimony.   The verdict is general, and we are consequently unable to say to what extent the error in the charge misled the jury in their assessment of damages.

We therefore recommend that the judgment be reversed and the cause remanded.

*Reversed and remanded.*

Adopted June 23, 1891.