**McALISTER et al. v. MILLER.**

**No. 4295.**

Court of Civil Appeals of Texas. El Paso.

April 22, 1943.

Rehearing Denied May 13, 1943.

W. W. James, of Odessa (Robert B. Holland, of Dallas, and Strasburger, Price, Holland, Kelton and Miller, of Dallas, of counsel), for appellants.

Moss & Stowe and Paul Moss, all of Odessa, for appellee.

McGILL, Special Commissioner.

This is an appeal from a judgment of the District Court of Ector County, Seventieth Judicial District. The suit was brought by appellee to recover damages for personal injuries sustained by him when a truck belonging to appellant McAlister and operated by his employee, appellant Edwards, was backed into a gasoline butane tank which appellee was assisting Edwards in loading on the truck. He also sought to recover necessary medical and hospital expenses.

The accident occurred on July 26, 1941. The truck was equipped with a winch, with winch line and hook. Appellee, after the driver had stopped or "spotted" the truck within three or four feet of the tank attempted to connect the winch line to the tank. He stooped over to fasten the hook on the winch line to the cross bar on the tank's skid rails, when the driver backed

the truck and pinned him against the tank, inflicting serious injuries.

The case was tried with a jury, which returned findings to special issues submitted. Appellants moved for a mistrial based upon conflicts in the jury's findings. The court overruled this motion and granted appellee's motion to disregard the findings on certain of the special issues and to render judgment for him. Judgment was accordingly rendered for appellee for $5,-500, the amount found by the jury required to compensate him for his injuries and expenses, with interest and costs.

Appellants have presented thirteen points on which they rely for a reversal.

The parties will be hereafter referred to as "plaintiff" and "defendants," as they were designated in the trial court.

 The first point relates to the court's failure to sustain defendants' exception to a portion of plaintiff's pleading, and the second point deals with the court's failure to sustain defendants' objection to the admission of testimony.

Plaintiff alleged: "Plaintiff at the time of said injuries was an experienced trucker, able bodied and in good health, and pursued the business of trucking, (and by furnishing his own truck and driving the same earned on the average of $2.50 per hour, while so using and driving such truck and was able to do hard manual labor, and that his said services were well and reasonably worth that much), and that he would have continued to earn that much to this time and for a long time in the future; the said injuries have rendered plaintiff unable to pursue his said vocation or to do any manual labor, and his said injuries are permanent and incurable, on account of which, plaintiff has lost his said earnings." (Parenthesis ours.)

Defendants specially excepted to that portion of the above allegations in parenthesis, "because the same is prejudicial in that it is not the measure of damages and defendants are not responsible for any loss of plaintiff's capital investment and plaintiff's truck was not damaged and is a part of his capital investment and a part of his equipment used in the truck business."

The exception was overruled.

Plaintiff testified that he was a trucking contractor; had been engaged in that business for twenty-three years, and was engaged in it at Odessa, Texas, on July 26, 1941; that he had two trucks and drove one of them himself. Over objection of defendants he was then permitted to testify that he worked by the hour and received as compensation as a trucker $2.50 per hour with truck and driver, and $3 an hour with truck and "swamper." The action of the court in overruling the exception to the pleading and in admitting this testimony is the basis for the first and second points here presented.

We think these points are without merit. It is true that neither the pleading nor admitted testimony constitutes the measure of plaintiff's damages. But plaintiff claimed damages by reason of his injuries for loss of earnings by being rendered unable to pursue his vocation as a trucker, and for permanent impairment of his ability to earn money.

In El Paso Electric R. Co. v. Murphy, 49 Tex.Civ.App. 586, 109 S.W. 489, writ denied, it was held that the evidence of "profits" which represent the net gain made from an investment or from the transaction of some business, though not admissible for the purpose of proving "earnings" which are the fruit or reward of labor, the price of services performed, yet such evidence is admissible as tending to show possession of business qualities from which the value of "earning capacity" may be deduced.

And in Dallas Ry. & Terminal Co. v. Darden, Tex.Com.App., 38 S.W.2d 777 at page 780, the court said: "It has frequently been decided that the loss of profits from a personally operated business may be received in evidence and considered by the jury for the purpose of determining the extent of an injured party's diminished earning capacity. Texas Electric Ry. v. Worthy, Tex.Civ.App., 250 S.W. 710; Galveston, H. & S. A. R. Co. v. Mallott, Tex. Civ.App., 6 S.W.2d 432; San Antonio Traction Co. v. Crisp, Tex.Civ.App. 162 S.W. 422; Ridge v. Norfolk [Southern R. Co.] 167 N.C. 510, 83 S.E. 762, L.R.A.1917E, 215; Baxter v. Philadelphia & R. R. Co., 264 Pa. 467, 107 A. 881, 9 A.L.R. 504, and note."

This rule was adhered to in Miller v. Hooper, Tex.Civ.App., 94 S.W.2d 230. Exhaustive annotations on this subject may be found in 9 A.L.R. 510, 27 A.L.R. 430, 63 A.L.R. 142, and 122 A.L.R. 297, from which it appears that there is some conflict of authority on this question. However, we regard the rule in this State as well established. If evidence of "profits" of a

business such as plaintiff's is admissible to show possession of business qualities from which the value of "earning capacity" may be deduced, certainly pleading and testimony essential to arrive at such "profits" are proper. The first step necessary to show such "profits" under the facts of this case would be a showing as to the price received for a truck and driver, and since it was shown that a "swamper" or helper was also sometimes furnished, it was essential, in arriving at "profits," to show the price received for truck with driver and "swamper." The trouble with this testimony is not that it was inadmissible, but that it does not go far enough to establish a reasonable basis on which the jury could arrive at any sum as damages for lost earnings, as we shall show in discussion of the third and fourth points. We overrule the first and second points.

■ The third and fourth points complain of that portion of the court's charge which instructed the jury, in arriving at the cash sum which would reasonably compensate plaintiff for his injuries, to consider the reasonable amount of the earnings lost by plaintiff in the past, and the reasonable value of his reduced ability to earn money. The charge was properly objected to on the ground there was no competent legal evidence to warrant recovery for such items. As to the reasonable amount of earnings lost by plaintiff in the past, we have no doubt that the point must be sustained. The evidence was ample to show that prior to his injuries plaintiff was a strong, able-bodied man, fifty-six years old, in good health, had been engaged in business as a trucking contractor for a number of years, was an experienced truck driver, and drove his own truck, and also served as a "swamper" or helper in loading oil field equipment, and was capable of doing hard physical labor; that his injuries included a crack and fracture of the left scapula, a fracture of both collar bones, of the sixth, eighth, ninth and tenth ribs on his left side, which were crushed in and caused a puncture to his lung and deformity to his chest; that as a result of his injuries he was confined to a hospital for sixteen days; that both shoulders are permanently deformed, and he has only about 35% motion of his left arm and 50% motion of his right arm. That he is permanently disabled, and will never be able to drive a truck with safety or to do hard manual labor. This evidence was unquestionably sufficient to show a loss of earnings in the past, but it did not show the value of such lost earnings. Nor do we think the evidence above referred to showing the amount received per hour for truck and driver and truck, driver and "swamper", was sufficient to show such fact. There is no evidence as to the number of hours the trucks were engaged each day for any period of time—days, weeks or months—either before or after the injuries. Plaintiff did not offer any evidence as to value of his services to his trucking business or as to what it would have cost him to employ a man to take his place.

In the absence of any evidence of this character any value which the jury might place on his loss of earnings up to the time of the trial could be only the result of a guess, conjecture or surmise. This the jury is not permitted to do. Red Arrow Freight Lines v. Gravis, Tex.Civ.App., 84 S.W.2d 540.

■ Plaintiff ingeniously argues that this court will take judicial notice of the minimum wage under the Fair Labor Standards Act, 29 U.S.C.A. §§ 201–219, and that the jury could consider this as a basis for fixing the value of his loss of earnings. But the loss claimed is not for wages as a laborer, but for the amount earned "by furnishing his own truck and driving same."

That the value of lost earnings or loss of time must be proved before such loss may be considered by a jury as an element of damages for personal injuries is well established.

In International & G. N. R. Co. v. Simcock, 81 Tex. 503, 17 S.W. 47, the court said: "We have scrutinized the record, and, while we find evidence showing loss of time in a vague and an indefinite manner, we fail to detect any evidence whatever of the value of the time lost, or of any amount whatever of damages incident thereto. In the absence of such evidence, we are constrained to hold that the court erred in instructing the jury to consider, in estimating the damages, the time lost by appellee up to the filing of the suit."

And in Galveston, H. & S. A. R. v. Thornsberry, Tex.Sup., 17 S.W. 521, at page 524, it was said: "There was evidence of protracted medical treatment, from which it might have been implied that appellee incurred liability, and which might have been included in the term 'expenses incurred;' but there was no evidence of the amount so incurred; neither was there

as to the value of the loss of time. There was testimony as to his diminished capacity to acquire gain in the future. The testimony being sufficient to show that 'expenses' were incurred by appellee, and there being none as to the amount, the jury, under the charge, were authorized to consider an element of damage the amount of which they were not controlled in estimating. The case is one in which the verdict is general, and it cannot be said to what extent the jury may have been misled by the charge in ascertaining the amount of damage, and it was therefore error which requires a reversal. [International & G. N.] R. Co. v. Simcock, [81 Tex. 503], 17 S.W. 47." See, also, 13 Tex.Jur., p. 585, § 323.

We sustain this point.

■ Since the judgment must be reversed for the error indicated, it is unnecessary to determine authoritatively whether the evidence was sufficient to warrant the instruction to consider the reasonable value of plaintiff's reduced ability to earn money. We will say, however, that in our opinion it was. It showed that prior to his injuries plaintiff was engaged in a gainful occupation requiring physical fitness, which he possessed, and that the injuries were such as to render him unfit to continue such occupation. We think the proof meets the requirement of the rule enunciated by this court in Martin v. Weaver, Tex.Civ.App., 161 S.W.2d 812, and cases there discussed.

Also plaintiff claimed damages for impairment of his earning capacity—not to carry on his business as a trucking contractor—but to earn money and make a living generally.

In St. Louis S. W. R. Co. of Texas v. Niblack, 53 Tex.Civ.App. 619, 117 S.W. 188, at page 192, writ refused, the court said: "A lessened capacity to earn money is recognized by the law as a basis sufficient for the recovery of such damages. To support a finding of a specific sum as representing such damages resulting to the plaintiff in a particular avocation, it doubtless is correct to say that there should be other evidence than that which merely shows the avocation of the plaintiff and the character of his injuries. But, when the injuries suffered are shown to be of such a nature as fairly to justify the conclusion that the plaintiff's capacity to earn money in any avocation has been thereby lessened, it seems to us that the right to a recovery of same amount as damages should be held to have been sufficiently established. Wheth-

er in the event of a recovery the amount allowed should be held to be supported by such testimony is another question. But on such evidence the plaintiff should, we think, be held to be entitled to recover at least nominal damages, and, in the absence of an assignment attacking the verdict in such a case as excessive, we think it should be presumed in support of the judgment that the jury found only nominal damages."

Under this rule we think the evidence was sufficient to warrant the charge complained of. McIver v. Gloria, Tex.Sup., 169 S.W.2d 710.

It is unnecessary to discuss the other points. The errors complained of by those relating to the action of the court in overruling appellants' motion to set aside the jury's verdict and declare a mistrial on the ground of irreconcilable conflicts in answer to special issues will probably not again occur.

For the error indicated, the judgment is reversed and the cause remanded.

Reversed and remanded.

This opinion directed to be written and is adopted by the Court.

WALTHALL, J., not participating.