## COMBINED AMERICAN INS. CO. v. MORGAN.

### No. 14132.

Court of Civil Appeals of Texas. Dallas.

Nov. 14, 1947.

Chrestman, Brundidge, Fountain, Elliott & Bateman, of Dallas, for appellant.

White & Yarborough, of Dallas, for appellee.

LOONEY, Justice.

The transcript in this case in due time was delivered but, on being examined, the Clerk ascertained that notice of appeal had not been given; therefore noted the day it was received and referred the matter to the Court, as directed by Procedural Rule No. 388.

Appellant filed a motion to require the Clerk to file the record, contending, in substance, that its amended motion for a new trial filed in the court below having been overruled by operation of law, general rule No. 353 requiring notice of appeal to be given where the proceeding appealed from takes place in open court, is not applicable where, as in the instant case, the proceeding appealed from did not occur in open court, but was by operation of law. On the other hand, appellee contends that notice of appeal not only was required, but giving of same was mandatory and jurisdictional. Thus the question of law presented for our decision is tersely and clearly defined.

We are of opinion that the case at bar is on all fours with Houston Life Ins. Co. v. Dabbs, 125 Tex. 100, 81 S.W.2d 42, 43. In the Dabbs case Judge Smedley of Section B of the Commission wrote the opinion which was expressly adopted by the Supreme Court. After stating the case,

the opinion reads: "In this case an amended motion for new trial filed in due time was overruled by operation of law at the expiration of 30 days from the date of its filing, and the supersedeas bond was filed within 30 days from the time when the motion·was in such way overruled. Thus the motion was not overruled by judgment or order of the court. Article 2253 requires, when an appeal is taken from or after the overruling of a motion for new trial, that notice of appeal be given in open court within two days 'after judgment overruling a motion for a new trial.' This requirement of notice of appeal is inappropriate to and inconsistent with that part of amended subdivision 28 of article 2092 which has been construed to mean that a motion for new trial, if not presented within·30 days from its filing, is at the end of such period overruled by operation of law. When a motion is thus overruled, there is no judgment or order of the court overruling it, within 2 days after the entry of which notice of appeal may be given. The appeal bond, which must be filed before the end of the term as to the particular case, affords adequate notice of the intention to appeal." Later, in the opinion, a summary of the holdings was given, stating: (1) The rule where motion for new trial is overruled not by operation of law but by judgment or order of the court; and (2) stating the rule where motion for new trial was overruled by operation of law, as follows: "When motion for new trial is overruled by operation of law, either because not presented within 30 days from the date of its filing or because not determined within 45 days from the date of its filing, no notice of appeal in open court is necessary. The appeal is perfected by filing the appeal bond within 30 days after the time when the motion was overruled by operation of law."

■ Thus we see that the distinction was clearly drawn between cases where the motion for new trial was overruled not by operation of law but by judgment or order of the court, and cases where, as in the case under consideration, the motion was overruled by operation of law. In cases belonging to the first category notice of appeal must be given as required by the rule; but in cases belonging to the second category no notice of appeal is required; the appeal being perfected by filing the appeal bond within the time required furnishes adequate notice of the intention to appeal.

Although at the time Judge Smedley wrote, the applicable procedure was furnished by Art. 2253, later repealed and the procedure reproduced by Rule No. 353 which, as will be observed, enlarged somewhat the method of giving notice, yet the rule as enlarged is applicable only to cases where the motion for new trial is overruled by judgment or order of court.

The doctrine so clearly announced in the case under consideration was foreshadowed in previous cases, as in Young v. Dudney, Tex.Civ.App., 140 S.W. 802, 806, col. 2, writ refused, where the court said: "As the record shows that the order appealed from was a temporary, mandatory injunction (order), made in chambers, and not in open court or term time, and as under the law such an order could be granted, even without a hearing or notice to the adverse party, we hold that it was not necessary in this case for the record to show an exception to the ruling of the court below, or a notice of appeal therefrom; nor was it necessary to make such exception or give such notice as a condition precedent to an appeal to this court in this ·cause. That the general law, requiring exceptions to rulings of trial courts and notice of appeal therefrom as a condition precedent to the right of appeal, has no application in this character of case." Also, see Birchfield v. Bourland, Tex.Civ. App., 187 S.W. 422, 425, col. 1.

■ These cases follow the general rule that requires statutes and rules providing for and regulating appeals be not given a narrow, but rather a broad and liberal construction, so as to safeguard the right of appeal which is recognized in this State as constitutional in its origin. As said by Chief Justice Brown in the concluding lines of his opinion in Hamill v. Samuels, 104 Tex. 46, 133 S.W. 419, 421, "It is the policy of the Legislature and of the courts to construe liberally all provisions of the statute so as to secure the right of appeal."

We do not think either Ryan v. City National Bank & Trust Co., Tex.Civ.App., 186 S.W.2d 747, 748, or Backus v. Roper, Tex.Civ.App., 195 S.W.2d 261, 263, cited by appellee, is in point, in that the judgments appealed were not by operation of law, as in the instant case, but rather were rendered in open court.

 The appeal bond in the instant case having been filed within the time required, afforded ample notice of the intention to appeal and in our opinion properly perfected the appeal.

Appellant's motion to require the Clerk to file the record as of the date it was received is sustained and it is so ordered.