## COMBINED AMERICAN INS. CO. v. MORGAN.

No. 4560.

Court of Civil Appeals of Texas. El Paso.

May 19, 1948.

Rehearing Denied June 2, 1948.

Second Rehearing Denied June 9, 1948.

146

Chrestman, Brundidge, Fountain, Elliott & Bateman, of Dallas, for appellant.

White & Yarborough, of Dallas, for appellee.

PRICE, Chief Justice.

This is an appeal from the judgment of a district court of Dallas County, 44th Judicial District. Clarence Morgan, hereinafter called plaintiff, sued Combined American Insurance Company, hereinafter called defendant, to recover on an insurance policy indemnifying him for a period of 52 weeks for loss of time caused by disability resulting from sickness or disease.

Trial was before the court with a jury, submission on special issues. On the verdict the court entered judgment in favor of plaintiff in the total sum of $1291.22, $765 on the policy, including interest in the sum of $34.42, plus 12% penalty in the sum of $91.80, plus $400 as attorney's fees.

Plaintiff has filed a motion to dismiss the appeal, claiming defendant failed to give notice of appeal and hence never perfected the appeal. Defendant in due time filed its motion for a new trial and later amended said motion. The amended motion for a new trial was never called to the Trial Court's attention and no order was entered thereon. The effect of this was to overrule the motion by operation of law. The contention of appellant is that the requirement of the notice of appeal on the docket or in the order overruling the motion for a new trial as provided by Texas Rules of Civil Procedure, rule 353, does not apply to a motion for new trial overruled by operation of law. When tendered for filing to the Clerk of the Dallas Court of Civil Appeals he refused to file same on account of lack of notice to appellee, and referred the matter to the court. The appellant made due motion before the Court to require the Clerk to file the record and a hearing was had and the Clerk was ordered to file the same. The opinion of the court on this motion is found in Combined American Insurance Company v. Morgan, Tex.Civ. App., 207 S.W.2d 701. On the authority of that decision the motion to dismiss appeal is overruled. We agree with and concur in the decision of the Dallas Court of Appeals.

The material portions of the policy in issue were as follows:

"This policy provides indemnity for * * * loss of time caused by sickness due to disease * * * Sickness. Par. 2. Loss of time, caused by bodily sickness due solely to disease contracted and commencing after this policy has been maintained in force for not less than thirty consecutive days from its date and only when such bodily sickness shall wholly, necessarily and continuously disable the insured

and prevent him from performing each and every duty pertaining to his usual business or occupation." (The bodily sickness covered by this paragraph being hereafter referred to as "such sickness")

The policy provided for indemnity for loss of time caused by such sickness at the rate of $15 per week for 52 weeks. The defendant paid one week's indemnity.

The petition does not seek to recover for loss of time; it seeks to recover for a total disability resulting from bodily sickness or disease commencing on or about February 12, 1946, which wholly, necessarily and continuously disabled him from performing each and every duty pertaining to his usual business and occupation; that such disability had continued from February 12, 1946, and would continue to February 12, 1947. The petition was filed December 14, 1946. However, trial amendment was filed on June 17, 1947.

The appellee during the times pertinent was an employee of the City of Dallas in the Public Works Department, where he performed hard manual labor. His usual week's work was 48 hours. The City paid twice monthly. The records of the city showed that plaintiff worked and was paid for during the year 1946 in hours, as follows:

| January | 112 and 97½ hours |
|---------|-------------------|
| February | 63 and 51½ hours |
| March | 48 and 104½ hours |
| April | 87½ and 25½ hours |
| May | 86 and 84½ hours |
| June | 88 and 105½ hours |
| July | 105 and 105½ hours |
| August | 110 and 100 hours |

The testimony shows that during this period he was carried for two weeks sick time and two weeks vacation.

Among the issues found by the jury were the following: First, that on February 1, 1946, plaintiff was sick due solely to disease contracted and commencing after the policy had been in effect more than thirty days; second, that such sickness wholly, necessarily and continuously disabled him in such a manner that he was not able to perform any duty pertaining to his usual business or occupation; third, that beginning February 1, 1946, he was so disabled by reason of such sickness from February 1946 to June 18, 1947 (71 weeks) that during the said number of weeks he was totally incapacitated. The court defined "totally incapacitated" as follows:

"By the phrase 'totally incapacitated' as used in the court's charge means such disability as would prevent Clarence Morgan from performing any work he is by training or experience qualified to do, or such disability as that ordinary care in the preservation of his life or health would require that he desist from any kind of work."

Defendant at the close of the testimony moved for an instructed verdict on the ground that the testimony shows plaintiff was not sick under the terms of the policy prescribed, but that on the contrary on the 12th day of February he returned to his work and worked regularly from that time or, as the witness testified, "off and on" up until September or later. This motion was refused. Defendant relies on one point for reversal, which is as follows:

"The error of the court in allowing judgment for the appellee for indemnity for the period from February, 1946, to September, 1946, during the major portion of which the plaintiff lost no time from his work."

In its statement under this point of error appellant quotes from its motion for a new trial as follows:

"The uncontradicted testimony showed that the plaintiff was regularly employed upon his regular job for the City of Dallas and that such employment extended continuously up until the month of August, 1946, during which time the plaintiff carried on and performed the regular duties of his labor," referring to page 21 of the transcript.

On pages 20 and 21 of the transcript appears the following:

"The court erred in rendering any verdict (judgment) for the plaintiff for the reason that the uncontradicted testimony showed that the plaintiff was regularly employed upon his regular job for the City of Dallas, and that such employment extended continuously up until the month of

August, 1946, during which time the plaintiff carried on and performed the regular duties of his labor."

■ This was the ground stated in the motion for a new trial. As we construe the point of error it complains that the judgment is too large, too large because from February 1946 to September 1946 that plaintiff suffered no loss of time or in any event did not suffer loss of time for that entire period. It is our view that the trial court was not given an opportunity in ruling on the motion for new trial to pass upon the point of error urged here. This point of error is without support in the motion for new trial. This case was tried before a jury. Under Rule of Civil Procedure 374 it was necessary to file a motion for a new trial. Under Rule 374 it is provided:

"The motion for new trial, when required to be filed under these rules, shall constitute the assignments of error on appeal or writ of error. A ground of error not distinctly set forth in motion for new trial, in cases where a motion for new trial is required shall be considered as waived."

Rule 320 as to new trial provides (c) specify each ground on which it is founded and no ground not specified shall be considered. A complaint as to the excessiveness of the judgment is certainly such a matter as under the two Rules above referred to should be made a ground of a motion for a new trial. In our opinion the appellant by failure to assign error in the motion for a new trial waived the point of error set forth in its brief. Thompson v. State, Tex.Civ.App., 165 S.W.2d 131; Traders & General Ins. Co. v. May, Tex.Civ. App., 168 S.W.2d 267, wr.ref.

If the judgment was too large the trial court could have perhaps cured the defect by requiring a remittitur, or if same could not have been so cured might have granted the motion. There is a marked difference in an assignment of error that the court erred in rendering any judgment for the plaintiff and one that the court erred in rendering too great a judgment in favor of plaintiff.

■ Loss of time as used in connection with damages recoverable for personal injuries means loss of earnings. International & G. N. Ry. Co. v. Simcock, 81 Tex. 503, 17 S.W. 47; Sinclair Refining Co. v. Tompkins, 5 Cir., 117 F.2d 596. There appeared to be no good reason why loss of time when used in the policy of indemnity insurance should not have practically the same meaning as when used in connection with damages recoverable for personal injuries. Had appellee on account of his disease or physically deteriorated condition justifiably refrained from work whereby he earned wages, beyond question a case of loss of time or earnings would be presented. Where loss of time alone is involved where the ordinary dictates of prudence would cause appellee to refrain from work but he does not heed such dictates of prudence, but earns his customary wages, it is thought he is not entitled to be indemnified for loss of time. Diminished capacity to labor and earn money presents another question. If wages were paid as a gratuity during the period another question would perhaps be involved.

However, the above considerations do not enter into the case. This court, under Rule 374, is precluded from reversing the case on the point of error urged because same was not urged in appellant's motion for a new trial.

It is ordered that the judgment of the trial court be in all things affirmed.

### On Motion for Rehearing.

■ It appears from the transcript the judgment in this case was rendered on the 15th day of July, 1947, that an amended motion for a new trial was filed on August 5, 1947. No leave for filing this amended motion appears in the transcript. The date of filing of the original motion does not appear. This amended motion was never called to the attention of the trial court. If overruled it was by operation of law by the lapse of time. Whether or not the original motion was filed in conformity with Section (k) of Rule 330 does not appear. It is thought that error may not be assigned on an amended motion for a new trial upon which the trial court

has never ruled unless a timely filing of the original motion be shown. Error may not be assigned on an amended motion for a new trial upon which the trial court has never ruled unless it appears that leave to file same was granted by the trial court. Error is not shown by the record before this court.

The motion for rehearing is overruled.