B. A. HODGES et ux., Appellants,

v.

John PLASKY, Appellee.

No. 10469.

Court of Civil Appeals of Texas.

Austin.

March 27, 1957.

Rehearing Denied April 10, 1957.

---

Strasburger, Price, Kelton, Miller & Martin, Royal H. Brin, Jr., Dallas, for appellants.

Jones, Herring & Jones, Austin, for appellee.

HUGHES, Justice.

This is a suit for damages arising from a collision between two automobiles, one operated by appellant, Mrs. B. A. Hodges, and the other by appellee, John Plasky, at the intersection of Rio Grande and West 24th Streets in Austin, Texas, on or about November 2, 1953.

The damages sought were for personal injuries to Mr. Plasky and for the diminished market value of his car.

Trial to a jury resulted in verdict and judgment for appellee in the sum of $87,-069.34, of this amount $84,496.84 was found in one sum as the answer to special issue No. 13. This issue submitted as elements to be considered in arriving at the amount of damages, past and future pain, past med-

ical expenses and loss of earnings from the date of injury to the date of trial and loss of future earning capacity.

Appellant's only complaint is that there is a total lack or insufficiency of the evidence to warrant any recovery of damages for lost earnings or for loss of future earning capacity and for this reason that the judgment is excessive.

If appellants are correct then if reversal is proper the entire judgment must be reversed because it is impossible to apportion the total damages found to the various elements which the jury was instructed to take into account "if established by a preponderance of the evidence, and none other."

■ Of course the jury could not establish by a preponderance of the evidence any element of damage about which the evidence was non-existent. If we could rely upon the familiar presumption that a jury is presumed to follow the instructions of the court then we could safely say that no part of the general finding of damages was attributable to any element about which there was no evidence.

Here appellant objected to every element of damage submitted in issue 13 on the ground of no pleading and no evidence.

Appellant says that "Of course, it is elementary that a charge or instruction with reference to damages must find support both in the pleadings and in the proof" and concludes its brief by stating:

"It is impossible to determine from the verdict how much the jury allowed by way of loss of earnings and loss of earning capacity, but these certainly must have been large in view of the size of the total verdict. In the absence of proper proof to support any finding as to these elements, the amount of the verdict and judgment, $87,069.34, is obviously excessive and not supported by the record."

Appellant relies upon McAlister v. Miller, Tex.Civ.App. El Paso, 173 S.W.2d 339, 341, no writ history. There the charge is not set out but the appellate court said:

"The third and fourth points complain of that portion of the court's charge which instructed the jury, in arriving at the cash sum which would reasonably compensate plaintiff for his injuries, to consider the reasonable amount of the earnings lost by plaintiff in the past, and the reasonable value of his reduced ability to earn money. The charge was properly objected to on the ground there was no competent legal evidence to warrant recovery for such items. As to the reasonable amount of earnings lost by plaintiff in the past, we have no doubt that the point must be sustained."

Since the answer to the damage issue was general the court could not apportion the damages to the various elements and the cause was reversed and remanded, the court citing the following authorities: International & G. N. R. Co. v. Simcock, 81 Tex. 503, 17 S.W. 47, and Galveston, H. & S. A. R. v. Thornsberry, Tex., 17 S.W. 521, Supreme Court Commissioner's decision.

Both the Simcock and Thornsberry cases involved general charges and for this reason are not helpful here.

Another case cited by appellant is Red Arrow Freight Lines v. Gravis, Tex.Civ. App. San Antonio, 84 S.W.2d 540, 541, no writ history. The charge is not set out in the opinion but the Court said:

"By appellant's first proposition it contends the trial judge committed error in instructing the jury that they could consider, as an element of damage, the reasonable value of the loss of time of appellee from the date of the accident to the date of the trial because there was no evidence showing the value of his loss of time."

In Williams v. Pool, 293 S.W. 233, no writ history, by this Court, we say:

"The jury was instructed to consider, in assessing damages, 'loss of time, loss of earning capacity, and other expenses.' The first and last items find no predicate in the pleadings, and the first and second are unsupported by any proof. A special list of expenses was pleaded, and other expenses not pleaded were proven, which accentuated the 'other expenses' item submitted to the jury. The jury should not have been permitted to consider these elements of damage which found no predicate in the pleadings nor support in the proof; and the error must be held prejudicial, since there is no possible way to ascertain if the jury was not misled by the charge."

All of the cases cited by us to sustain this holding appear to be general charge cases except Fort Worth & D. C. Ry. Co. v. Brown, Tex.Civ.App., 205 S.W. 378, where the error was in refusing a special charge excluding elements of damage as to which there was evidence but no pleadings.

The Court, in connection with the damage issue, in Pool, charged:

"* * * that you can take into consideration the plaintiff's loss of time, suffering, loss of earning capacity, physical and mental injury and pain, if any, together with cost of medical, hospital and other expenses occasioned by said injury."

■ We submit that none of these cases is decisive here. Of course if the charge authorizes the jury to consider items of damage about which there is no proof then the charge is erroneous and an objection on this ground must be sustained. The charge before us does not do this.

It is difficult to escape the conclusion here that issue 13 was multifarious and appellant not having objected on that ground has waived his right to complain that a single answer to the issue is not binding upon him even though all elements submitted are not supported by evidence.

■ The objection made to these elements, which appear to have all the essentials of separate issues, and brought forward is that they are without evidence to justify their submission. This is an objection which need not be made until after verdict, Rule 279, Texas Rules of Civil Procedure, and the submission of such an issue is not of itself prejudicial error. Whited v. Powell, Tex., 285 S.W.2d 364.

We also understand that it is of at least doubtful propriety to submit closely related elements of damage separately. See McDonald Texas Civil Practice, Vol. 3, Sec. 12.23. The point here, however, is that they were separately submitted in a multifarious manner without objection on these accounts. A general reversal of this case would be because of the manner of submission of the damage issues and not because two of those issues were without evidentiary support for we could disregard such issues and reform the judgment if they had been separately submitted and answered.

■ We will not pursue this discussion because the parties have not briefed the questions indicated and because we are of the opinion that the evidence is sufficient to support the recovery of lost earnings and for loss of future earning capacity.

Appellee, married and the father of two children, was 33 years of age at the time of the collision. He was due to graduate from the University of Texas in June, 1954, six months after being injured, with a B.B.A. Degree. He had previously graduated from Hartford, Connecticut, high school. He had been a member of the Connecticut National Guard and went into active military service upon activation of the Guard in 1941. He remained in military service until the spring of 1950 when he received a medical discharge. He was then a First Lieutenant receiving $435 per month. His then physical condition re-

sulted from an attack of polio suffered in Guatamala City in 1949. Upon discharge from military service Mr. Plasky entered the University of Texas attending all its regular sessions and some summer sessions and doing satisfactory work until the date of the collision.

In anticipation of graduation from the University appellee had read employment bulletins from various companies and had been interviewed for employment upon graduation. The details of these interviews were excluded upon objection by appellant that they would be hearsay.

Mr. Plasky had made a very substantial recovery from polio when injured. During the summer of 1953, he had an operation performed at Brooks Army Hospital to effect a fusion of the right ankle as a result of which he had become able to walk about home without the use of supports although he still used a brace below his knee and a cane when going out. He was able to do the usual things a man does about the house, drove a car, went where he desired and attended school without difficulty.

There is no dispute but that appellee was totally incapacitated by the injuries received in the collision and that there is little, if any, hope for improvement. He is in almost constant pain.

The amount awarded by the jury equals about $2,400 per year for the expected duration of a person of appellee's age.

We need but quote from two Supreme Court cases to establish the sufficiency of this evidence to support the award of damages for lost earnings and loss of earning capacity. First from Dallas Consolidated Electric St. Ry. Co. v. Motwiller, 101 Tex. 515, 109 S.W. 918, 921:

"The question being whether or not there was any evidence authorizing the submission of the element of damage from impairment of capacity to earn money, its decision must depend upon the evidence in the case in which the charge is given, and if there be anything in the evidence upon which the allowance of any sum, however small, can properly be made for such damage, the objection to the charge is met. There are several elements of damage to be considered in suits for personal injuries. As to some of them it is practicable to prove the loss sustained with some degree of exactness. Such are doctor's bills, medicines, and the like. Of these the law requires such proof. In many cases the value of time lost by the plaintiff may also be so proved, while in some such proof cannot be made, as in case of a wife and mother performing the various duties of housekeeper. This is true also of earning capacity and of injury to it. The law only exacts the kind of proof of which the fact to be proved is susceptible, but it does exact that."

And from McIver v. Gloria, 140 Tex. 566, 169 S.W.2d 710, 912:

"In a personal injury suit the amount which the plaintiff might have earned in the future is always uncertain, and must be left largely to the sound judgment and discretion of the jury. However, the verdict must be based on something more than mere conjecture. It must be an intelligent judgment, based upon such facts as are available. Even where the injury is of such a serious and permanent nature that loss of earning capacity is the necessary result, proof is required to show the extent and amount of the damages. International & G. N. R. Co. v. Simcock, 81 Tex. 503, 17 S.W. 47. No general rule can be laid down, except that each case must be judged upon its peculiar facts, and the damages proved with that degree of certainty of which the case is susceptible. Dallas Consolidated Electric St. R. Co. v. Motwiller, 101 Tex. 515, 109 S.W. 918. Under this rule the required certainty of the proof will necessarily vary. Where plaintiff is a child, who

has never earned any money, the jury must determine the value of its lost earning capacity altogether from their common knowledge and sense of justice. Texas & P. R. Co. v. O'Donnell, 58 Tex. 27; Missouri, K. & T. R. Co. of Texas v. Johnson, Tex.Civ.App., 37 S.W. 771, writ refused; 13 Tex.Jur. 400. Likewise, where plaintiff is a housewife, the actual money value of her services need not be proved. Gainesville, H. & W. R. Co. v. Lacy, 86 Tex. 244, 24 S.W. 269; 13 Tex.Jur. 402. On the other hand, where plaintiff is employed at a fixed wage or salary, the amount of his previous earnings ordinarily must be shown."

The proof here was the best available. It shows Mr. Plasky to have been a person of unusual energy, drive, ambition and the possessor of undaunted courage and determination. That he was a student striving to better himself in the face of extreme adversity rather than a contented pensioner or holder of a menial position did not make him a judicial outcast so as to be denied just compensation for lost earnings and earning capacity. The above rules, we hold, are applicable to students.

The judgment of the trial court is affirmed.

Affirmed.