Johnny Preston **WILLIAMS, Jr., et al.,**
**Appellants,**

**v.**

**Wilbur HILL, Appellee.**

**No. 16628.**

Court of Civil Appeals of Texas.

Dallas.

June 25, 1965.

Irwin Massman and Ronald R. Waldie, Dallas, for appellants.

Bailey & Williams and G. David Westfall, Dallas, for appellee.

**760**

DIXON, Chief Justice.

Appellee Wilbur Hill, defendant in the trial court, has filed a motion to dismiss this appeal as to two of the appellants, Johnny Preston Williams, Jr. and Richard Stanley Dickerson, plaintiffs in the trial court, on the ground that they failed to give notice of appeal. The parties will be designated here as they were in the trial court.

■ A supplemental transcript discloses that the two above named plaintiffs did give notice of appeal though the notice was given long after the ten days prescribed by Rule 353, Texas Rules of Civil Procedure. However, the tardiness of the notice is of no consequence in this case. The record shows that following the rendition of a summary judgment against them the two plaintiffs filed a motion for new trial which was overruled by operation of law. Under such circumstances notice of appeal is not necessary. Houston Life Ins. Co. v. Dabbs, 125 Tex. 100, 81 S.W.2d 42; Hernandez v. Baucum, Tex.Civ.App., 338 S.W. 2d 481. Therefore appellee's motion cannot be sustained on the ground stated.

■ However, the record reveals a jurisdictional defect which is fatal to the appeal of the two above named plaintiffs—a defect of which we are required to take notice regardless of whether appellee has filed a motion to dismiss. The cash deposit for costs in lieu of a bond was filed in behalf of the two plaintiffs long after the expiration of the thirty-day period provided in Rule 356, T.R.C.P.

Suit was filed June 12, 1964 by three plaintiffs, Johnny Preston Williams, Jr., Richard Stanley Dickerson and Franklin Dickerson.

On October 21, 1964 defendant Hill filed a motion for summary judgment as to two of the plaintiffs, Johnny Preston Williams, Jr. and Richard Stanley Dickerson.

On December 4, 1964 the trial judge held a hearing and on December 30, 1964 signed an order granting a summary judgment and severing the cause of action of Williams and Richard Stanley Dickerson from that of Franklin Dickerson.

On December 10, 1964 the two plaintiffs against whom summary judgment had been rendered filed a motion for new trial which was overruled by operation of law on February 14, 1965—after the expiration of forty-five days from December 30, 1964. Angelina County v. McFarland, Tex., 374 S.W.2d 417, 421; Rule 329b 3, T.R.C.P.

On February 2, 1965 defendant Hill filed a motion for summary judgment against the third plaintiff, Franklin Dickerson, whose cause of action had been severed from that of the other two plaintiffs.

On February 26, 1965 a hearing was held and on March 16, 1965 the trial judge signed an order granting a summary judgment against plaintiff Franklin Dickerson.

■ It was not until April 14, 1965 that a cash deposit in lieu of a bond was filed in behalf of all three of the plaintiffs. This was in time under Rule 356, T.R.C.P. to perfect the appeal of Franklin Dickerson from the judgment against him dated March 16, 1965; but it was too late to perfect the appeal of Johnny Preston Williams, Jr. and Richard Stanley Dickerson from the summary judgment against them dated December 30, 1964. Thorpe v. Thorpe, Tex.Civ.App., 294 S.W.2d 724; Lucchese v. Specia, Tex.Civ.App., 281 S.W. 2d 725.

Johnny Preston Williams, Jr. and Richard Stanley Dickerson contend that the summary judgment against them on December 30, 1964 was interlocutory in nature since it did not dispose of all parties to the suit, and did not become a final appealable judgment until the summary judgment was rendered against the third plaintiff, Franklin Dickerson, on March 16, 1965.

■ With this contention we cannot agree. The cause of action of Johnny Preston Williams, Jr. and Richard Stanley

Dickerson was severed from the cause of action of Franklin Dickerson on December 30, 1964, therefore the summary judgment rendered against them on that date became final and appealable on February 14, 1965 when their motion for new trial was overruled by operation of law. Kirkland v. Martin, Tex.Civ.App., 376 S.W.2d 819; Moore v. Mathis, Tex.Civ.App., 369 S.W.2d 450; Oaxaca v. Lowman, Tex.Civ.App., 297 S.W.2d 729; Rule 301, T.R.C.P. The failure to file the cash bond within thirty days of February 14, 1965, being jurisdictional in nature, requires a dismissal of their appeal.

The appeal of Franklin Dickersón remains pending in this court, but the appeal of Johnny Preston Williams, Jr. and Richard Stanley Dickerson is dismissed.