The AMERICAN CONVEYOR CORPO-
RATION, Appellant,

v.

Jessie V. IRWIN et ux., Appellees.

No. 8027.

Court of Civil Appeals of Texas,
Texarkana.

Aug. 17, 1971.

Rehearing Denied Sept. 7, 1971.

John M. Smith, Smead, Roberts, Har-
bour, Smith, Harris, French & Parker,
Longview, for appellant.

Joe W. Lovelace, Lovelace & Thompson,
Inc., Linden, for appellees.

DAVIS, Justice.

Jessie V. Irwin and wife, Lois A. Irwin,
(hereinafter referred to as "Mrs. Irwin"),
plaintiffs-appellees, filed this suit for dam-
ages, medical and surgical expenses, and
personal injuries, past, present, and future,
against defendant-appellant, The American
Conveyor Corporation, as a result of a col-
lision between a truck and trailer that be-
longed to the Appellant and being driven
and operated by Franklin D. Roberts, an
agent, servant, and employee of Appellant,
while acting within the scope and course
of his employment at the time of the col-
lision which occurred on January 13, 1969.

Mrs. Irwin and a companion, Mrs. Fran-
ces Anderson, were on their way from
Brazil, Indiana, to Brownsville, Texas.
They were traveling in Appellees' 1954
model Chevrolet sedan automobile. Mrs.
Irwin and Mrs. Anderson had become so
exhausted that they pulled the car off
the highway onto private property near
Linden, Cass County, Texas. Mrs Irwin
got into the back seat of the automobile,
and both women went to sleep. At about
4:00 or 4:30 o'clock a. m., Appellant's 1964
model International truck and trailer left
the highway, apparently because the agent,
servant and employee of Appellant had
gone to sleep, and struck the Appellees' car,
which resulted in the damages for which
Appellees have brought suit.

The case was tried before a jury. The
jury found the agent, servant and employee

of Appellant to be negligent, which negligence was a proximate cause of Appellees' damages and Mrs. Irwin's injuries. The issues were so phrased that the jury could make separate findings on each element submitted to them. Their answers were as follows:

*Special Issue No. 5–A:*

Physical pain and mental anguish in the past: $2,000.00;

*Special Issue No. 5–B:*

Physical pain and mental anguish in the future: $3,798.00;

*Special Issue No. 5–C:*

Loss of past earnings: $700.00;

*Special Issue No. 5–D:*

Loss of earning capacity in the future: $10,000.00;

*Special Issue No. 5–E:*

Loss of household services in the past: $400.00;

*Special Issue No. 5–F:*

Loss of capacity to perform household duties in the future: $2,160.00;

*Special Issue No. 6:*

Past necessary medical and hospital care: $592.00;

*Special Issue No. 7:*

Necessary medical and hospital care in the future: $5,000.00;

*Special Issue No. 8:*

Market value of Appellees' car immediately before the accident: $400.00;

*Special Issue No. 8–A:*

Value of Appellees' car immediately after the accident: $50.00.

The jury further found that the accident in question was not an unavoidable accident.

Appellees alleged but $531.28 for past medical and hospital expenses. They only alleged $3,000.00 for future necessary medical and hospital care. They immediately filed a remittitur to the jury's findings on Special Issue No. 6 as to the past medical and hospital care in the amount of $60.72. They filed a remittitur of $2,000.00 to the jury's answer to Special Issue No. 7 for necessary future medical and hospital care. The Trial Court entered a judgment thereon for the total sum of $22,939.28. Appellant has perfected its appeal and brings forward eleven points of error.

By its points, Appellant says the Trial Court erred in entering judgment against it because:

(1) There is no evidence to support the Jury's findings to Special Issue No. 5–C;

(2) There is insufficient evidence which would authorize the Jury's findings to Special Issue No. 5–C;

(3) The answer to Special Issue No. 5–C is against the great and overwhelming weight and preponderance of the evidence;

(4) There is no evidence to support the Jury's findings to Special Issue No. 5–D;

(5) There is insufficient evidence to authorize the Jury's findings to Special Issue No. 5–D;

(6) The answer of the Jury to Special Issue No. 5–D is against the great and overwhelming weight and preponderance of the evidence;

(7) There is no evidence to support the Jury's findings to Special Issue No. 7;

(8) There is insufficient evidence to authorize the Jury's findings to Special Issue No. 7;

(9) The answer of the Jury to Special Issue No. 7 is against the great and overwhelming weight and preponderance of the evidence;

(10) In overruling Appellant's Motion for Remittitur; and,

(11) As a matter of law, and based upon the evidence offered, the *Judgment* of the Jury was in such an amount as to shock the judicial conscience of anyone considering the same. (Our emphasis.)

Appellant argues all its points of error together.

Since there are three points of no evidence, three points of insufficient evidence, and three points against the great and overwhelming weight and preponderance of the evidence, it seems that the points will have to be discussed separately.

Judge W. St. John Garwood, 30 Texas Law Review 803, in discussing "The Question of Insufficient Evidence on Appeal," made a sound and comprehensive review of the law on insufficient evidence. (See the article and the authorities cited therein.) Chief Justice Robert W. Calvert, in an article published in 38 Texas Law Review 361 on the question of "No Evidence" and "Insufficient Evidence" points of error, makes a sound discussion of these questions. He makes it quite clear what a Court of Civil Appeals can and will have to do in passing upon the various points of error. (See the article and authorities cited therein.)

Nevertheless, it still seems to be the responsibility of the Court of Civil Appeals to view the evidence, if there is any, and inferences in the light most favorable to the jury's findings. Green v. Rudsenske, 320 S.W.2d 228, Tex.Civ.App.1959, n. w. h.; Louisiana and A. Ry. Co. v. Chapin et al., 225 S.W.2d 614, Tex.Civ.App.Texarkana, 1949, writ ref'd.

By Points 1, 2 and 3, Appellant says the Trial Court erred because there is no evidence, insufficient evidence, and against the great and overwhelming weight and preponderance of the evidence to support the Jury's answer to Special Issue No. 5–C. The Jury found that Mrs. Irwin suffered a loss of her past earning capacity in the amount of $700.00. In view of the foregoing article by Chief Justice Calvert,

we must first examine the record to determine whether or not there is any evidence to support the Jury's findings.

There was evidence offered by two medical doctors that Mrs. Irwin had incurred medical and doctor bills from Jan. 13, 1969, until July 17, 1970, in the amount of $531.28, all as a result of the injuries she received as a result of the collision in question. Both the doctors testified that Mrs. Irwin had a compression fracture of a thoracic vertebra as a result of the injury; that she would have to wear a prescribed spinal brace off and on for the rest of her life, that her injuries were permanent. Both doctors testified that they had prescribed for her muscle relaxants and analgesics, which she will have to take off and on for the rest of her life. They testified that, as a result of her injuries, she has suffered extreme pain, had muscle spasms, and will continue to suffer intermittent pain and stiffness of her back as the result of her injuries for the rest of her life during the episodes of exacerbation.

It is admitted in Appellant's brief that Mrs. Irwin did receive some injuries. They say, "It is lucky that she did not receive any more serious injuries than she did." They went on to admit that the defendant was at fault.

Mrs. Irwin testified that, prior to the injury, she was in good health, able to perform the work she acquired on a part-time basis, manage the apartments in Brownsville, Texas, did her housework, and engaged in extremely active recreational activities, such as skating, bowling, horseback riding, and many others. She testified that she saved about $125.00 to $150.00 per month during the five months that she managed the apartments in Brownsville, Texas. She further testified that in 1968 she worked at Tops Department Store in Terre Haute, Indiana. Her duties while working there in the Shipping and Receiving Department required her to unpack boxes, unload carts and sort the contents.

While she worked there, she made $1.60 per hour; a total of $337.60 during the two months she worked there. She testified that in 1967 she worked at Columbia Record Shop in the Customer Service Department from January 3, 1967, and left May 12, 1967, to go with her husband to Alaska. She made from $1.60 to $1.95 per hour She did all of her housework until the time of the accident. She testified that she was the mother of three daughters—ages 16, 17 and 18 years. After Mrs. Irwin's injuries, the daughters did the housework. The evidence further shows that at the time of the accident Mrs. Irwin had a life expectancy of 39.6 years.

■ Taking into consideration all the foregoing evidence, which is not denied by the Appellant, there is plenty of evidence to support the Jury's answer to Special Issue No. 5–C. Point 1 is overruled.

By Points 2 and 3, Appellant says the Trial Court erred in rendering judgment in response to the Jury's findings on Special Issue No. 5–C because the evidence is insufficient, and against the great and overwhelming weight and preponderance of the evidence. It is hard to distinguish the law between these two points of error.

Anyway, after the injury, Mrs. Irwin has been totally unable to earn anything in the way of money by holding a job, unable to engage in any recreational activities, or to even do her housework. This seems to prove that the evidence is overly sufficient to support the Jury's findings and is not contrary to the great and overwhelming weight and preponderance of the evidence as to be manifestly unjust and wrong.

17 Tex.Jur.2d 315, Sec. 255, reads in part as follows:

"In an action in which recovery for loss of time or earnings is sought, the plaintiff must bring forward evidence by which the amount of damages can be ascertained. And since loss of time and earnings can be established with reasonable accuracy, the best proof of which

the nature of the case admits is always required. Ordinarily, the reasonable value of the lost time or earnings can be determined by no standard of greater accuracy than that supplied by showing the sum that the plaintiff was earning immediately preceding the injurious occurrence and comparing that with what he earned after the injurious occurrence.

*"The plaintiff may testify as to the value of the amount lost by reason of his injury, but such testimony must be based on fact and not on conjecture and conclusions * * *"* (Emphasis added.)

Points 2 and 3 are overruled.

By Point 4, Appellant says the Trial Court erred in entering a judgment according to the Jury's findings to Special Issue No. 5–D whereby the Jury found that she had a loss of earning capacity in the future in the amount of $10,000.00.

■ What we have said in reply to Point No. 1 also applies to this point of error. Prior to the accident, Mrs. Irwin was a female, 38 years of age, in good health, with a life expectancy, based upon the vital statistics, of 39.6 years. Her work history was consistent and regular. She had a high school education, was qualified to do labor, saleswork and to manage the apartments. Her chief employment was her housework and taking care of her husband and three grown daughters. Since the accident, she has not been able to do any of these things, or to do any recreational activity whatever. All of these facts were confirmed at the time of the trial. They were not disputed by the Appellant.

In a personal injury suit, the amount which an injured party might have earned in the future is always uncertain and must be left largely to the discretion of the court or the jury. The judgment of the court, or the verdict of the jury, must be based upon something more than conjecture. It must be an intelligent judgment based upon sound discretion of the court, or the jury's

findings, upon such facts as are available. No general rule can be laid down. Each case must rest and be judged upon its peculiar facts, and the damages proved with that degree of certainty of which the case is susceptible. When a case is tried before the jury, the court may submit an issue as to the future damages as a result of the injuries if the evidence shows a reasonable probability of the occurrence or of the ill effects. 17 Tex.Jur. 2d 393, sec. 317, and cases cited therein; International & G.N.R. Co. v. Simcock, 81 Tex. 503, 17 S.W. 47 (1891); Dallas Consolidated Electric St. Ry. Co. v. Motwiller, 101 Tex. 515, 109 S.W. 918 (1908); McIver et al. v. Gloria, 140 Tex. 566, 169 S.W.2d 710 (1943). Since all of the evidence was offered, without any contradiction whatever, Mrs. Irwin had a life expectancy of 39.6 years after the accident; her loss of earnings in the past was found to be $700.00, then the evidence is fully sufficient to support the Jury's answer of $10,000.00 as loss of earning capacity in the future. It cannot be said that the Jury was biased or prejudiced in any way, because when you multiply 39.6 by $700.00, you get $27,720.00. Therefore, we find that the evidence is fully sufficient to support the Jury's findings in the amount of $10,000.00 as a loss of earning capacity in the future. We also find that the finding of the Jury is not against the great and overwhelming weight and preponderance of the evidence as to be manifestly unjust and wrong. Points 5 and 6 are overruled.

■ By Point 7, Appellant says there is no evidence to support the Jury's findings to Special Issue No. 7, that it would be necessary for Mrs. Irwin to incur reasonable expenses in the future for necessary medical and hospital care as a result of the injuries in the sum of $5,000.00. Appellees did not allege that she would be required to incur such medical expenses in such amount. They only allege that it would ·be necessary that she would have to incur $3,000.00. Immediately after the verdict was returned, Appellees filed a voluntary remittitur of $2,000.00. The Trial Court entered a judgment for that amount. A careful examination of the record shows that Mrs. Irwin had been required to incur $531.28 as necessary medical and hospital care from January 13, 1969, until July 17, 1970. This period of time only covers about 18 months. According to the testimony of the doctors, she will have to have treatment for the injuries for the rest of her life. In view of the evidence that was offered for the past treatments, together with the proof that she would need future hospital and medical treatment, the Trial Court submitted a special issue for future medical expenses as a result of the injuries. The Jury was entitled to consider the same. Edens-Birch Lumber Co. v. Wood, Tex. Civ.App. Beaumont (1940), 139 S.W.2d 881 (err. dismd. jdm. corr.); Brown v. Friedman, Tex.Civ.App. Houston (1970) 451 S.W.2d 588, n. w. h. A careful examination of the record clearly shows that there is plenty of evidence to support the Jury's findings to Special Issue No. 7. Point No. 7 is overruled.

By Points 8 and 9, Appellant says the evidence is insufficient, and is against the great and overwhelming weight and preponderance of the evidence to support the finding of the Jury to Special Issue No. 7. If you calculate the past medical expenses that Mrs. Irwin had been required to incur, along with the evidence that she will be required to incur future medical expenses, wear a back brace intermittently for the rest of her life, with a life expectancy of 39.6 years, we find the evidence to be fully sufficient to support the Jury's findings, less the $2,000.00 remittitur, and it is not against the great and overwhelming weight and preponderance of the evidence as to be manifestly unjust and wrong.

Points 8 and 9 are overruled.

By Points 10 and 11, Appellant complained of the action of the Trial Court which overruled its Motion for Remittitur, and says as a matter of law, based upon

the evidence offered, the *judgment* of the jury is in such an amount as to shock the judicial conscience of anyone considering the same.

From what we have said in regard to the other points of error, we find these two points to be without any merit at all, and they are respectfully overruled.

The Judgment of the Trial Court is affirmed.