**GARFIELD MUTUAL FIRE AND STORM INSURANCE ASSOCIATION, Appellant,**

v.

**Allen T. CALHOUN, Appellee.**

**No. 1005.**

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 29, 1975.

Rehearing Denied Jan. 30, 1976.

Walter R. Long, Jr., Long & Whitehead, Karnes City, Crain, Crain & Sheppard, Cuero, for appellant.

Nathan Hoffman, Law Office of O. F. Jones, Victoria, for appellee.

OPINION

PER CURIAM.

This suit is an appeal from a judgment on a jury verdict awarding plaintiffs $6,000.00 in insurance benefits from the defendant insurance company. Appellee has filed a motion to dismiss the appeal on the grounds that this Court has no jurisdiction

because the appellant did not give notice of appeal.

Final judgment was rendered on January 24, 1975. On January 31, appellant filed a motion for new trial, and an amended motion for new trial was timely filed on February 20. The amended motion for new trial was overruled by operation of law on April 7. An appeal bond was filed on April 16, and the record was filed with the clerk of this Court on June 4, 1975.

Rule 363, T.R.C.P., provides that an appeal is perfected when notice of appeal is given and the bond or affidavit in lieu thereof is filed, both of such steps being required to vest jurisdiction in the appellate court. Rule 353, T.R.C.P., sets out the methods in which the notice of appeal may be given or filed, providing that it must be done within ten days after the final judgment or order overruling the motion for new trial.

There is, however, an exception to these general rules. When a motion for new trial (or amended motion for new trial) is overruled by operation of law, no notice of appeal is necessary. The appeal is perfected by the filing of the appeal bond within the time required. This, the courts have held, furnishes adequate notice of appellant's intention to appeal. *Houston Life Ins. Co. v. Dabbs,* 125 Tex. 100, 81 S.W.2d 42 (Com. of Appeals 1935); *Combined American Ins. Co. v. Morgan,* 207 S.W.2d 701 (Tex.Civ.App.—Dallas 1947, no writ); *Combined American Ins. Co. v. Morgan,* 214 S.W.2d 145 (Tex.Civ.App.—El Paso 1948, no writ); *Chekanski v. Texas & New Orleans Railroad Company,* 306 S.W.2d 935 (Tex. Civ.App.—Houston 1957, writ ref'd n. r. e.); *McKinney v. Tromly,* 386 S.W.2d 564 (Tex. Civ.App.—Tyler 1964, writ ref'd n. r. e.); *Williams v. Hill,* 392 S.W.2d 759 (Tex.Civ. App.—Dallas 1965, no writ).

In this case, the appeal bond was properly filed within 30 days after the amended motion for new trial had been overruled by operation of law. The record was filed here within 60 days after the motion had been overruled, Rule 386, T.R.C.P. Since no notice of appeal was required to perfect the appeal, appellee's motion to dismiss the appeal is denied.